**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 23-00439-JMC** |
| | ) | |
| **DANIEL TOCCI** | ) | |

**DEFENDANT'S MOTION IN LIMINE**
**TO EXCLUDE IRRELEVANT GENERAL EVIDENCE AND**
**PEJORATIVE CHARACTERIZATIONS OF THE EVENTS OF JANUARY 6, 2021**

Defendant Daniel Tocci respectfully moves in limine for an order excluding the following:

(1) any general evidence, including testimony, videos, photos, or other exhibits, of the events of

January 6, 2021, from locales at the Capitol where Mr. Tocci never was and did not know about;

and (2) references at trial by any witnesses or the government pejoratively characterizing the event

as an "insurrection," "riot," or "attack," and those assembled on the Capitol grounds as "rioters"

or "mobs."

## BACKGROUND

The government has charged Mr. Tocci in the superseding indictment with five counts:

(Count I) destruction of government property under 18 U.S.C. § 1361; (Count II) entering and

remaining in a restricted building or grounds under 18 U.S.C. § 1752(a)(1); (Count III) disorderly

and disruptive conduct in a restricted building or grounds under 18 U.S.C. § 1752(a)(2); (Count

IV) disorderly conduct in a capitol building under 40 U.S.C.§ 5104(e)(2)(G); and (Count V)

parading, demonstrating, or picketing in a capitol building under 40 U.S.C. § 5104(e)(2)(G). *See*

dkt. #19.

Each of the alleged violations is limited in scope to Mr. Tocci's actions during an

approximately 90-minute period starting at 2:25 PM, when Mr. Tocci ascended a staircase on the

northwest side of the Capitol building, to 3:59 PM, when he exited the building through a window and

allegedly removed a portion of a window shutter. It naturally follows that the evidence at trial should

be similarly limited in scope to the circumstances surrounding Mr. Tocci and not to the broader actions

of individuals or groups of individuals on January 6, 2021. Had the government charged Mr. Tocci

with conspiracy, it might have been reasonable to introduce some of the general evidence of what

happened at the Capitol more broadly, but the government chose to charge him differently. Further,

any evidence introduced should be carefully limited to ensure compliance with the federal rules of

evidence to avoid an unfair prejudice through gratuitous and prejudicial characterizations. To ensure

such compliance, the defense raises the following evidentiary objections in limine.

**ARGUMENT**

I.       **The Court should exclude any general evidence of the events of January 6, 2021 that does not pertain to Mr. Tocci's alleged actions on that day.**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it

would without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid.

401. Under Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402." *United States v.*

*Fitzsimons*, No. 21-CR-158, 2022 WL 1658846, at *2 (D.D.C. May 24, 2022) (internal quotations

omitted). "[T]he burden is on the introducing party to establish relevancy," *Dowling v. United States*,

493 U.S. 342, 351 n.3 (1990), as well as admissibility under other evidentiary rules. *United States v.*

*Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020).

Mr. Tocci is charged with violations related to *his* alleged conduct. He is not charged with

conspiracy. Evidence in the aggregate, related to the conduct of others on January 6, 2021 – including

protesters, demonstrators, and people generally – is not relevant. The conduct of others is not at issue

in this case, and the admission of such evidence lacks any tendency to make a fact at issue more or less

probable. The government has no relevant purpose for introducing such evidence as it does not link

any alleged conduct of Mr. Tocci to the elements of any of the charges. For this reason, any general

2

evidence of the events of January 6, 2021, unrelated to the direct and specific alleged conduct of Mr. Tocci is irrelevant and should be excluded.

Specifically, Mr. Tocci objects to the government's introduction of any photo or video evidence that either: (1) does not depict Mr. Tocci; or (2) was not extracted from his personal phone or electronic devices. Per the Court's pretrial order, dkt. #28, Mr. Tocci has provided the government with exhibit-specific objections and has stated that unless the government identifies Mr. Tocci in the specified visual exhibits, the defense will object.

Mr. Tocci contends that regardless of whether the general evidence has some modicum of relevance – it does not – any value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 renders relevant evidence inadmissible upon a showing that it presents a risk of "unfair prejudice," – prejudice that is "compelling or unique," *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) (quoting *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis," *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules); *see also United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 146-47 (D.D.C. 2020).

Evidence of others' conduct at other locations in and around the Capitol is wholly untethered from Mr. Tocci's conduct, which forms the sole basis for the indictment. The indictment charges only individual crimes. The purpose of introducing this evidence would be to impermissibly inflame the passions of the jury and provide a skewed perspective of Mr. Tocci's actual alleged conduct. In other words, admission of such evidence would allow the jury to superimpose the general conduct of others onto Mr. Tocci, viewing his alleged actions through the aggregate lens of the January 6, 2021 event as a whole. This is improper. Permitting introduction will create a vast undue tendency for the jury to tie Mr. Tocci's culpability to the culpability of others present – others necessarily unknown to Mr. Tocci

– and placing the blame for the general conduct that occurred at the Capitol on January 6, 2021, on Mr. Tocci, rather than considering simply his own alleged conduct as alleged in the indictment. Furthermore, without the necessary nexus to the offenses Mr. Tocci is charged with, it is impossible to conceive of a limiting instruction – other than instructing the jury that the general evidence has nothing to do with what Mr. Tocci is charged with – that will properly focus the jury's consideration and prevent untoward prejudice.

Because the introduction of general evidence of the events of January 6, 2021, is substantially more prejudicial than probative the Court must bar its introduction. Fed. R. Evid. 403.[1]

## II.    The Court should exclude pejorative characterizations of the events of January 6, 2021.

For similar reasons, Mr. Tocci moves that the government and its witnesses be precluded from characterizing the event in pejorative terms such as "insurrection," "attack," and "riot," and not be permitted to elicit testimony characterizing the participants in terms such as "rioters" or "mobs." Such references to the participants carry a high risk of unfair prejudice and confusion as the jurors may – indeed, are likely to – equate Mr. Tocci's participation in the events as indicative of general criminality.

Besides being misleading and prejudicial, such characterizations do nothing to prove any fact at issue "more probable or less probable than it would be without" the resort to such characterizations

---

[1] Another session of this Court denied a similar motion in a case also stemming what occurred at the Capitol on January 6, 2021. *See United States v. Gillespie*, No. 22-00060-BAH (D.D.C. Nov. 20, 2022) (dkt. #43). The charges in that case, however, were more serious, including assaulting an officer under 18 U.S.C. § 111(a)(1) and engaging in physical violence on Capitol grounds under 18 U.S.C. § 1512(c)(2). *See id.* at dkt. #18. The government alleged that the defendant "yelled at the police guarding the building; used stolen riot shields to push against police; . . . and grabbed the arm" of an officer and "attempted to yank that officer into the violent mob" later explaining that he wanted to enter the Capitol because "we cannot let what happened in this election stand." *Gillespie*, dkt. #43, at 4. In denying his motion in limine to exclude general evidence of January 6, 2021, the court stated, "Evidence that defendant knowingly participated in a broader venture to interfere with a congressional proceeding would necessarily demonstrate the broader mass of rioters of which defendant was a part." *Id.* Mr. Tocci's case involves no analogous accusations of threatening the law enforcement presence in the building or making pronouncements about joining the other protestors in stopping the vote certification. As a result, the general evidence, including how the protestors entered the building from various angles and how law enforcement responded, is not relevant to his case in the way that it was in *Gillespie.*

4

and therefore must be excluded. *See* Fed. R. Evid. 401, 402. But such judgments carry with them a such a high likelihood of unfair prejudice and confusion that it they must be excluded pursuant to Fed. R. Evid. 403. Such characterizations – which have nothing to do with whether Mr. Tocci committed the crimes set for the in the indictment – will only result in an appeal to emotion, rather than an objective consideration of the charge in the indictment. *See United States v. Fulmer*, 108 F.3d 1486, 1497-98 (1st Cir. 1997) (reversing conviction where references to the Oklahoma City bombing, while of some probative value, tremendously outweighed by prejudicial impact); *United States v. Rodriguez-Cortes*, 949 F.2d 532, 541 (1st Cir. 1991) (reversing conviction where introduction of defendant's Colombian identification card, although relevant, presented impermissible danger of conviction on improper basis). The government and its witnesses should therefore be instructed to use neutral terms such as "event" for the assembled crowd and "participants" for those involved.

## CONCLUSION

For the foregoing reasons, the Court should grant this Mr. Tocci's motion to exclude from trial irrelevant evidence and pejorative characterizations pertaining to January 6, 2021.

Respectfully submitted,
DANIEL TOCCI,
By His Attorneys,

*/s/ Jessica Thrall*
Jessica Thrall

*/s/ Samia Hossain*
Samia Hossain

Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061
Jessica_Thrall@fd.org
Samia_Hossain@fd.org

5

## CERTIFICATE OF SERVICE

I, Samia Hossain, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on January 17, 2025.

/s/ Samia Hossain
Samia Hossain

6